■ In the Matter of the Probate of the Will of AGNES E. KECK, Deceased. DANIEL BERNSTEIN, Appellant; THEODORE KECK, as Executor of AGNES E. KECK, Deceased, Respondent.— Order reversed as a matter of discretion, without costs of this appeal to either party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the memorandum. Memorandum: It is difficult to decide the issues presented upon this appeal because of the confusing state of the record. The decision of the Surrogate contains numerous factual statements that are not substantiated by the submitted affidavits upon which the determination was made. One of the key documents is the letter of October 7, 1953 written by petitioner's attorneys to the Clerk of Surrogate's Court. It is not contained in the record but is set forth in appellant's brief. If the letter as there printed is correct the Surrogate misconstrued its contents because there is no reference therein to petitioner by name. Similarly, there is no proof to support the statements in the decision relating to the unavailability of the doctor, who attended the testatrix. In fact there is no showing that the named doctor did attend her. It may be surmised from certain statements in the decision that upon the return of the order to show cause there were oral arguments before the court but no record was made thereof. The decision apparently is based in part upon affidavits, some of which were submitted subsequent to the argument, and in part upon oral statements made by respective counsel in open court and not recorded. We conclude upon the record before us that the Surrogate was correct in holding that the provisions of section 140 of the Surrogate's Court Act were here inapplicable. There is, however, uncontroverted proof than on the day the probated will was executed the testatrix was admitted to a nursing home and at that time she was " in a very confused state of mind ". In our opinion upon all the facts the Surrogate in the proper exercise of discretion should have granted the requested relief by vacating the decree

admitting the will to probate and permitting the petitioner to file objections thereto. All concur. (Appeal from an order of Livingston Surrogate's Court denying petitioner's application to vacate a decree admitting the alleged will of decedent to probate and for leave to file objections.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.